```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOYCE BROADUS,                 )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:14cv929
                               )
DELTA AIR LINES, INC.,         )
                               )
          Defendant.           )
```

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion of Defendant Delta Air Lines, Inc. ("Delta") to dismiss for lack of personal jurisdiction or, in the alternative, to transfer. (Doc. 12.) For the reasons noted below, the motion will be denied.

### I.    BACKGROUND

The allegations of the complaint, as well as statements in the parties' supporting affidavits, taken in the light most favorable to Plaintiff Joyce Broadus, show the following:

Broadus is a sixty-eight year old North Carolina resident, who has lived in Rockingham County for more than twenty years. (Doc. 18 Ex. A (Broadus Aff.) ¶ 1.) On or about October 2, 2012, Broadus purchased a round-trip ticket for a Delta flight from Greensboro, North Carolina, to Pensacola, Florida, with a layover in Atlanta, Georgia. (Doc. 5 (Compl.) ¶ 4; Broadus Aff. ¶ 2.) Delta transported Broadus from Greensboro to Atlanta and provided

her wheelchair assistance for the flights. (Compl. ¶ 4.) When Broadus went to board her Delta flight from Atlanta to Pensacola, a Delta employee assisted her, but did so negligently, resulting in injuries to Broadus' knees and back. (Id ¶¶ 5-7.) These injuries required surgery, and Broadus has ongoing medical expenses and pain and suffering. (Id. ¶ 7.) The doctors who treated Broadus' injuries maintain their offices in Greensboro, North Carolina. (Broadus Aff. ¶ 4.) Broadus has no connections to Atlanta, and it would be an "extreme hardship" for her to litigate there. (Id. ¶ 3.)

Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia (Doc. 17-1 (Adams Decl.) ¶ 3), though it is registered to do business in North Carolina (Broadus Aff. ¶ 5). All of Delta's North Carolina offices and operations are in North Carolina airports. (Id. ¶ 4.) The Delta employee who allegedly provided negligent wheelchair assistance, as well as the Delta employees who attended to Broadus after her fall, are all "stationed" in Atlanta. (Id. ¶ 5.)

In September 2014, Broadus filed a complaint in North Carolina superior court, alleging negligence against Delta. (Doc. 5.) On November 5, 2014, Delta removed the case to this court. (Doc. 1.) After answering, Delta moved to dismiss the suit for lack of personal jurisdiction or, alternatively, for a transfer under 28 U.S.C. § 1404(a). (Docs. 12, 16.) Broadus filed an objection

2

(Doc. 18), and Delta replied (Doc. 19). Both parties have also filed supporting affidavits. The motion is thus ripe for consideration.

**II. ANALYSIS**

    **A. Broadus' Objections**

Counsel for Broadus has filed several objections, rather than a response, to Delta's motion. It appears that Broadus' counsel did not realize that Delta had filed an opening brief on the motion to dismiss. However, a brief (Doc. 16) accompanying the motion (Doc. 12) was filed, although separately on the docket, as required by Local Rule 7.3(a). Further, Broadus' list of objections with a supporting affidavit, even considered as a response to Delta's opening brief, was filed late. Although the filing was tardy, as Delta points out (Doc. 19 at 1), Delta has not been prejudiced thereby. See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); Moss v. Pasquotank Cnty., No. 2:10-CV-56-BR, 2011 WL 3468395, at *2 (E.D.N.C. Aug. 8, 2011) (affording litigant another chance to comply with local court rules where opposing party had suffered no prejudice).

The court will therefore overrule Broadus' objections but will accept her late-filed affidavit in consideration of the present motion.

3

## B. Standard of Review

When a defendant challenges personal jurisdiction and the court considers the issue on the basis of the complaint and supporting affidavits, "the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." <u>Universal Leather, LLC v. Koro AR, S.A.</u>, 773 F.3d 553, 558 (4th Cir. 2014), <u>petition for cert. filed</u>, No. 14-1205 (Apr. 2, 2015). In deciding the motion, the court draws all disputed facts and reasonable inferences in the plaintiff's favor. <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003).

## C. Personal Jurisdiction

To determine whether personal jurisdiction is proper in this case, the court engages in a two-part inquiry. First, North Carolina's long-arm statute must provide a statutory basis for the assertion of personal jurisdiction; second, the exercise of personal jurisdiction must comport with due process. <u>See Carefirst</u>, 334 F.3d at 396; <u>Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.</u>, 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011). Under North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, North Carolina courts are permitted to exercise "personal jurisdiction over a defendant to the outer limits allowable under federal due process." <u>Universal Leather</u>, 773 F.3d at 558-59 & n.3 (4th Cir. 2014); <u>accord</u> <u>Christian Sci. Bd. of Dirs. of First Church</u>

of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) ("Like those of many other states, North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."); Combs v. Bakker, 886 F.2d 673, 677 (4th Cir. 1989) (same); Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630–31 (N.C. 1977) (same). Therefore, the inquiry in this case "merges into the single question" of whether Broadus has made a prima facie showing that Delta had sufficient contacts with North Carolina to satisfy due process. Universal Leather, 773 F.3d at 559. Delta concedes as much in its brief, challenging only whether the court's exercise of personal jurisdiction over Delta in this case violates due process. (Doc. 16 at 5.)

Under the due process clause, a court can have personal jurisdiction over a defendant in either of two ways:

> First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012) (internal quotation marks and citations omitted). Because the court has specific personal

5

jurisdiction over Delta in this case, there is no need to reach the issue of general personal jurisdiction.[1]

Specific personal jurisdiction requires "that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009). Appraising this connection is a fact-intensive inquiry, with the focus in every case "on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)).

To resolve an objection to personal jurisdiction, the court must determine "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Tire Eng'g & Distribution, 682 F.3d at 301–02. Each prong must be satisfied for the exercise of specific personal jurisdiction. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278–79 (4th Cir. 2009). But the prongs are flexible and serve to narrow the court's focus "on the

---

[1] Aside from the "exceptional case," general personal jurisdiction over a corporation is usually only appropriate in the corporation's state of incorporation or principal place of business. See Daimler AG v. Bauman, 134 S. Ct. 746, 761 n.19 (2014).

6

ultimate question of whether a defendant, through its actions, has subjected itself to the sovereignty of the State such that a court in the State can lawfully subject that defendant to a judgment." Unspam Techs., Inc. v. Chernuk, 716 F.3d 322, 328 (4th Cir. 2013).

The first, "purposeful availment," requirement ensures that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Rather, the defendant's conduct and connection to the forum must be "such that [it] should reasonably anticipate being haled into court there." Universal Leather, 773 F.3d at 559 (quoting Fed. Ins. Co. v. Lake Shore Inc., 886 F.2d 654, 658 (4th Cir. 1989)). If a defendant has created a "substantial connection" to the forum, then it has purposefully availed itself of the privilege of conducting business there. See Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448, 450 (4th Cir. 2000). Importantly, the connection to the forum "must arise out of contacts that the defendant *himself* creates with the forum State." Walden, 134 S. Ct. at 1122 (quoting Burger King, 471 U.S. at 475) (quotation marks omitted). But so long as the defendant's contact "creates a 'substantial connection' with the forum, even a single act can support jurisdiction." Burger King, 471 U.S. at 475 n.18.

7

This purposeful availment inquiry is "flexible," and courts consider various non-exhaustive factors in the determination, such as (1) "whether the defendant maintains offices or agents in the forum state"; (2) "whether the defendant owns property in the forum state"; (3) "whether the defendant reached into the forum state to solicit or initiate business"; (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state"; (5) "whether the parties contractually agreed that the law of the forum state would govern disputes"; (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship"; (7) "the nature, quality and extent of the parties' communications about the business being transacted"; and (8) "whether the performance of contractual duties was to occur within the forum." Consulting Eng'rs, 561 F.3d at 278 (citations omitted).

The application of these factors here is straightforward. Delta is registered to do business in North Carolina and actually does business in North Carolina, where it also keeps offices. Delta had a contract to transport Broadus from North Carolina to Florida, and then to return her to North Carolina. Per this arrangement, Delta made in-person contact with Broadus when she boarded Delta's plane in Greensboro. These case-related contacts

8

suffice to show that Delta has purposely availed itself of the privilege of conducting business activities in North Carolina.

Delta virtually concedes this first prong, challenging only whether Broadus' cause of action arises out of these contacts. (See Doc. 16 at 4-5.)  Delta argues that Broadus' claim for negligence does not arise out of Delta's contacts with North Carolina because the alleged injury and negligent conduct occurred in Atlanta.  (See id. at 5.)  The court disagrees.

To satisfy the second prong, Broadus' negligence claim must result from alleged injuries that "arise out of or relate to" Delta's above-noted contacts with North Carolina.  Burger King, 471 U.S. at 472-73 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)); see also Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 620 (E.D. Va. 2002) ("If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." (quoting CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1267 (6th Cir. 1996))). Contrary to Delta's assertion, the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  Walden, 134 S. Ct. at 1125.  Accordingly, personal jurisdiction can be appropriate where the injury "would not have occurred *but for*" a defendant's contacts with the forum State.

9

Id. at 1124 (emphasis added). The Supreme Court has also characterized the arising-out-of prong as akin to proximate causation. See Burger King, 471 U.S. at 475 ("Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.").

It is plain that this case arises out of and is related to Delta's contacts with North Carolina. The round-trip agreement and the departure from Greensboro were the "genesis of this dispute." CFA Inst., 551 F.3d at 295. But for Delta operating its airline business in North Carolina and picking up Broadus in Greensboro, Broadus would not have been injured during her layover in Atlanta. Therefore, Delta should have anticipated that, as a common carrier promising to pick Broadus up in North Carolina and return her there, it could be haled into a court in North Carolina, the state of her initial departure and final arrival, for injuries it inflicted on her during the trip. Broadus' injuries arose directly out of, and are closely related to, Delta's connection with North Carolina.

Finally, the exercise of personal jurisdiction in this case is constitutionally reasonable such that litigation in North Carolina "is not 'so gravely difficult and inconvenient' as to place [Delta] at a 'severe disadvantage in comparison to [Broadus].'" Tire Eng'g & Distribution, 682 F.3d at 303 (quoting

10

CFA Inst., 551 F.3d at 296)). In making this determination, the court has considered "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Consulting Eng'rs, 561 F.3d at 279. Given Delta's continued business presence in North Carolina, the burden on Delta is not significant, and the State has an interest in the adjudication of the dispute. Georgia has some interest in the dispute, but its interest is no greater than North Carolina's. And North Carolina is undoubtedly the most convenient forum for Broadus. Therefore, this court's exercise of personal jurisdiction over Delta is constitutionally reasonable.

All three prongs of the specific personal jurisdiction analysis permit the court to exercise jurisdiction over Delta in this case. Therefore, Delta's motion to dismiss on this ground will be denied.

**D. Transfer under § 1404(a)**

Delta seeks, in the alternative, to transfer venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). (Doc. 16 at 11.)

11

Under § 1404(a), a court can transfer a civil case to any other district where the case might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." In determining whether the transfer would be in the interest of justice, the court is to make "an individualized, case-by-case consideration of convenience and fairness," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted), weighing factors such as

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

IHFC Props., LLC v. APA Mktg., Inc., 850 F. Supp. 2d 604, 622 (M.D.N.C. 2012) (quoting Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996)).

The court begins this determination with the proposition that the plaintiff's choice of forum should rarely be disturbed. Id. Unseating this choice requires a defendant to demonstrate that the balance of factors weighs strongly in its favor. Id. at 623. Given the connection between the facts of this case and Broadus'

12

chosen forum, the court accords Broadus' choice great weight. See id.

Delta argues that the case's "key witness" is "based out of Atlanta" (Doc. 16 at 12), but ignores the fact that Broadus' physicians, who work in North Carolina, are just as "key" to proving the elements of Broadus' negligence claim (Broadus Aff. ¶ 4). And Delta's employee is no more "key" than Broadus herself. Delta is correct that some elements suggest a Georgia forum, since the injuries occurred in Georgia and the premises and equipment relating to the injury are located there as well. And it appears possible that Georgia substantive law will apply in this case. See Anderson v. Piedmont Aviation, Inc., 68 F. Supp. 2d 682, 685 (M.D.N.C. 1999) ("North Carolina has long followed the *lex loci* rule, which applies the substantive law of the state in which the injury occurred."). But these less compelling factors cannot overcome Broadus' choice of forum, which encompasses offices out of which Delta does business, in favor of a forum to which Broadus has no connection aside from her ephemeral layover three years ago.

Therefore, the court finds that it would not be in the interest of justice to transfer this matter to the Northern District of Georgia. Delta's motion will be denied.

### III. CONCLUSION

For these reasons,

IT IS THEREFORE ORDERED that Delta's motion to dismiss or transfer (Doc. 12) is DENIED.

        /s/   Thomas D. Schroeder
United States District Judge

April 28, 2015